1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| HERMILO TELLEZ, an individual, | CASE NO. 11-CV-409-JM (CAB) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| JP MORGAN CHASE BANK, as successor in interest for WASHINGTON MUTUAL SAVINGS BANK; | Doc. No. 13 |
| QUALITY LOAN SERVICE CORPORATION, a California corporation; | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, form and jurisdiction unknown; and | |
| DOES 1 THROUGH 100 INCLUSIVE, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22

Plaintiff brought the instant suit based on a loan obtained in 2006 and secured by a Deed of Trust encumbering certain real property, and the subsequent foreclosure proceedings instituted against him. In his First Amended Complaint, Plaintiff lists seventeen individual causes of action and seeks relief in the form of invalidation of the underlying loan, restoration of his ownership interest in the property, damages, and injunctive relief. (Doc. No. 11, "FAC.") Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and JP Morgan Chase Bank, N.A. ("Chase") now bring a motion to dismiss the Complaint. (Doc. No. 11.)

23
24
25
26
27
28

1    Pursuant to CivLR 7.1(d)(1), the court determines this matter is appropriate for

2  resolution without oral argument. For the reasons set forth below, the court hereby GRANTS

3  Defendants' motion.

4  **I.    BACKGROUND**

5    Plaintiff Hermilo Tellez is an individual residing in San Diego County and the alleged

6  owner of a parcel of real property located at 331 Camino Redondo, San Marcos, California

7  92069 (the "Property"). (FAC ¶ 2.) On or around December 12, 2006, Plaintiff obtained a five-

8  year loan from Washington Mutual Savings Bank ("Washington Mutual") secured by a Deed

9  of Trust encumbering the Property. (Id. ¶ 15.) The Deed of Trust named Washington Mutual

10  as the lender, and California Reconveyance Company as the trustee. (Id. ¶ 28; Doc. No. 13-2,

11  Defendants' Request for Judicial Notice ("RJN"), Exh. 1.) Plaintiff's loan was subsequently

12  acquired, along with other assets, from Washington Mutual by Defendant Chase. (Complaint

13  ¶ 18; RJN at Exh. 2.)

14    A Notice of Default executed on December 17, 2008 and recorded on December 18,

15  2008 showed that Plaintiff owed $10,898.27 in past-due payments, costs, and expenses. (RJN

16  at Exh. 3.) The following month, a Substitution of Trustee was executed, substituting

17  Defendant Quality Loan Service Corp. ("Quality") in place of the previous trustee. (Id. at Exh.

18  7.) A Notice of Trustee's Sale was then executed on March 19, 2009. (Id. at Exh. 4.)  The

19  Property was ultimately sold by Quality at a public auction on August 4, 2009, which sale was

20  reflected in a Trustee's Deed Upon Sale executed on August 13, 2009. (Id. at Exh. 8.)

21    On April 8, 2009, in the midst of the foreclosure proceedings described above, Plaintiff

22  filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern

23  District of California. (Id. at Exh. 5, Doc. No. 1.) This matter was subsequently converted to

24  a Chapter 7 case by Plaintiff on April 24, 2009. (Id. at Doc. No. 14.) The case was ultimately

25  dismissed by the bankruptcy court based on Plaintiff's failure to appear at and testify before

26  a First Meeting of Creditors. (Id. at Doc. No. 42.)

27    On January 25, 2011, Plaintiff filed the instant action in San Diego Superior Court,

28  naming as defendants Chase, Quality, and FHLMC. (Doc. No.1, Exh. A.) According to

1  Plaintiff, he was improperly induced to enter into the loan agreement based on various acts of

2  deception and trickery by Washington Mutual. (See FAC ¶¶ 17-28.) Plaintiff now seeks to

3  invalidate the loan and reclaim title to the Property.

4      Chase and FHLMC removed the action to federal court on February 28, 2011, citing

5  federal jurisdiction under 12 U.S.C. § 1452(f). (Doc. No. 1.) Both defendants then filed a

6  motion to dismiss, which was granted on the grounds that Plaintiff was not the real party in

7  interest in the case, his cause of action having been ceded to the bankruptcy estate. (Doc.

8  No. 9.) However, the court granted Plaintiff leave to seek participation of the trustee and re-file

9  his action thereafter. (Id. at p.6.) Plaintiff subsequently filed his First Amended Complaint on

10 May 27, 2011. Chase and FHLMC now once again move to dismiss. (Doc. No. 13.) Plaintiff

11 opposes Defendants' motion.[1] (Doc. No. 14.)

12 **II.  LEGAL STANDARD**

13     A motion to dismiss under FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of

14 the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the

15 motion, the court must construe the pleadings in the light most favorable to the non-moving

16 party, accepting as true all material allegations in the complaint and any reasonable inferences

17 drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule

18 12(b)(6) dismissal is proper only in "extraordinary" cases, United States v. Redwood City, 640

19 F.2d 963, 966 (9th Cir. 1981), the complaint's "[f]actual allegations must be enough to raise

20 a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

21 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable

22 legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica

23 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

24 **III.  DISCUSSION**

25     As mentioned above, this court previously dismissed this case after finding that Plaintiff

26

27     [1]  It should be noted that Plaintiff's opposition to Chase and FHLMC's motion to dismiss includes a "Notice of Opposition" referencing a different case in the Central District. However, because the main body of the opposition is correctly captioned and substantively addresses the matter at hand, it will be construed as properly filed for purposes of this motion.
28

1   was not the proper party to bring the action absent a showing that the action was exempt from

2   the bankruptcy proceedings or abandoned by the bankruptcy trustee. Leave to amend was

3   granted on the condition that Plaintiff seek the trustee's participation in his suit. However, the

4   FAC does not include any joinder in the action by the trustee; instead, Plaintiff has merely

5   amended his complaint to include the allegation that, because the instant suit was not filed until

6   a year and a half after the dismissal of his bankruptcy case, "any issue as to the real party in

7   interest in this case is moot." (FAC ¶ 35.)

8         Chase and FHLMC argue that this allegation is insufficient to cure the defect

9   recognized in the original complaint because the trustee cannot be said to have abandoned

10  Plaintiff's causes of action where the suit or potential suit was not listed among Plaintiff's

11  assets when he filed for bankruptcy. (Doc. No. 13-1 p.6.) Plaintiff does not deny that he did

12  not list the instant litigation in the schedule of property filed as part of his bankruptcy

13  proceedings. Nevertheless, he claims that his causes of action against Defendants have reverted

14  to him by abandonment under 11 U.S.C. § 554(c), which provides that property "not otherwise

15  administered at the time of the closing of a [bankruptcy] case is abandoned to the debtor."

16  (Doc. No. 14 p.6.) However, as Plaintiff also apparently acknowledges, this section only

17  applies to *scheduled* property. See § 554(c) (referring only to "any property scheduled under

18  section 521(a)(1)"). Indeed, as the Ninth Circuit has held,

19
20          abandonment results only when the trustee knows of the existence of the
            property, so that, at the least, an intent to disclaim can be inferred. When the
            bankrupt fails to list an asset, he cannot claim abandonment because the trustee
21          has had no opportunity to pursue the claim.

22  Stein v. United Artists Corp., 691 F.2d 885, 891 (9th Cir. 1982); see also In re Pace, 146 B.R.

23  562, 564 ("Abandonment pursuant to § 554(c) requires that the property to be abandoned is

24  properly scheduled under § 521(l)."). Thus, as the public records demonstrate that Plaintiff did

25  *not* schedule this or any other causes of action in his bankruptcy filings (RJN at Exh. 6), and

26  Plaintiff makes no other argument that the bankruptcy trustee was otherwise aware of the

27  potential for this litigation,  the trustee clearly did not abandon this suit, and the case remains

28  the property of the bankruptcy estate. See 11 U.S.C. § 554(d). Therefore, for purposes of this

1   action, Plaintiff has failed to prove he is the real party in interest, and all claims against Chase

2   and FHLMC must be dismissed.

3   **IV.   CONCLUSION**

4        For the foregoing reasons, the court hereby GRANTS Defendants Chase and FHLMC's

5   motion to dismiss. Because Plaintiff has already had an opportunity to seek the trustee's

6   participation in this suit and has declined to do so, no leave to amend is granted.

7        In addition, the sole remaining defendant in this action, Quality, has filed a Declaration

8   of Nonmonetary Status pursuant to CAL. CIV. CODE § 2624l(a), which has not been opposed.

9   (Doc. No. 5.) Therefore, although Quality is not required to participate in this action, it

10   continues to be bound by the judgment of this court. CAL. CIV. CODE § 2624l(d). All causes

11   of action having been dismissed against Chase and FHLMC, this case is also dismissed as to

12   Quality. The Clerk of the Court is ordered to close the case file.

13        **IT IS SO ORDERED.**

14   DATED:  August 24, 2011

15

16   Hon. Jeffrey T. Miller
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28